# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DELPHINE GREEN,**

      **Petitioner,**

**v.**                                                 **Civil Action No.  1:07cv55**
                                                        **Criminal Action No.  1:05cr102(2)**
                                                         **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On April 19, 2007, the *pro se* petitioner, Delphine Green, filed a Habeas Corpus Motion Under 28 U.S.C. § 2255 raising three grounds for relief. On June 12, 2007, the undersigned conducted a preliminary review of the petition and determined that the petitioner did not provide the Court with enough information in grounds two and three to fully assess the viability of those claims. Consequently, the petitioner was directed to file an amended petition.

On July 9, 2007, the petitioner filed an amended petition raising the same three claims as raised in the original petition. Accordingly, this case is before the undersigned for a preliminary review of the amended petition.

## I.  The Petitioner's Conviction and Sentence

On November 1, 2005, the petitioner, and Marcus Ronald Sanders, were charged in a seven count, sealed indictment of conspiracy to distribute a controlled substance and distribution of a controlled substance near a school or playground. (Dckt. 1) Mr. Sanders was named in all seven counts of the indictment while the petitioner was named only in counts one, two, four, six and seven.

Id. On November 17, 2005, the case was unsealed and the petitioner was arrested. (Dckt. 14) The petitioner was appointed counsel, Scott Shough, on November 18, 2005. (Dckt. 16)

On January 19, 2006, the parties entered into a plea agreement in which the petitioner agreed to plead guilty to count six of the indictment, aiding and abetting another person in unlawfully, knowingly, and intentionally distributing approximately 1.02 grams of crack cocaine within 1000 feet of a playground in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860 and 18 U.S.C. § 2.[1] (Dckt. 51) Moreover, the petitioner waived her right to have her guilty plea taken by a United States District Judge, and instead, consented to have a United States Magistrate Judge take her guilty plea. (Dckt. 52)

The petitioner appeared before the undersigned for a change of plea hearing on January 19, 2006. (Dckt. 56) The petitioner and her counsel were present at that proceeding, as was Assistant United States Attorney, Shawn Angus Morgan ("AUSA Morgan"). Id. During the plea colloquy, the petitioner stated in open court that she understood the terms of the written plea agreement, that it contained the whole of her agreement with the Government, and that no promises or representations were made to her other than those outlined in the written plea agreement. Id. at 2. The undersigned questioned the petitioner relative to her knowledgeable and voluntary execution of the written plea agreement. Id. Based on the petitioner's representations at her change of plea

---

[1] The basis for Count Six of the indictment was that on August 6, 2004, a confidential informant ("CI") telephoned the petitioner's residence and asked for $200 worth of crack cocaine. Dckt. 56 at 5. The petitioner consulted with her co-defendant who approved the transaction. Id. The CI met with the petitioner at her residence and paid $200 to the petitioner's co-defendant. Id. The petitioner and her co-defendant went downstairs to the "source of their supply" and came back with the crack cocaine. Id. A controlled buy took place which was recorded by both audio and video surveillance. Id. The substance purchased by the CI was tested by the West Virginia State Police laboratory and was determined to be 1.02 grams of cocaine base. Id. The petitioner's residence was located within 1000 feet of the Stonewall Jackson playground. Id. at 6.

hearing, the undersigned determined that the plea was both knowingly and voluntarily made. Id. The Court also confirmed that the petitioner received and reviewed Count Six of the Indictment with her attorney and reviewed the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Six. Id. at 3.

The undersigned further assessed the petitioner's competency to proceed with the plea hearing and based upon the petitioner's representations, found that the petitioner understood the nature of the charge pending against her, understood the possible statutory maximum sentence which could be imposed, understood that certain monetary penalties could be imposed and understood that she would also be subject to a term of supervised release. Id. at 3-4. Accordingly, the undersigned recommended that the petitioner's plea of guilty be accepted and that the petitioner be adjudged guilty on Count Six of the Indictment and have sentence imposed accordingly. Id. at 6.

The undersigned's recommendation as to the petitioner's guilty plea was adopted by the Honorable Irene M. Keeley, United States District Judge, on February 8, 2006. A corrected Order was issued on February 10, 2006.[2]

On May 12, 2006, the petitioner was sentenced to 57 months imprisonment on Count Six of the Indictment. (Dckt. 66) Counts one, two, four and seven were dismissed and no fine was imposed. Id. However, the Court ordered the petitioner to pay a special assessment of $100 and further accepted the petitioner's waiver of appellate rights with respect to any sentence over level 30.[3] The petitioner paid her special assessment on May 12, 2006, and Judgment was entered on May 16, 2006. (Dckt. 68/70)

---

[2] The sole purpose of the corrected order was to correct a date.

[3] The plea agreement does not contain a waiver of collateral rights. Dckt. 51 at ¶ 12.

## II. Petitioner's Federal Habeas Petition

In her petition, the petitioner raised the following grounds for relief:

(1) violation of due process rights, invalid guilty plea prosecution;

(2) denial of effective assistance of counsel; and

(3) conviction obtained by use of evidence by unlawful arrest.

In ground one, the petitioner asserted that she was deprived of her constitutional rights because the United States failed to fully honor the terms of the plea agreement. In support of this claim, the petitioner asserts that she received a 57-month sentence even though her plea agreement states that she was to receive no more than one year.

In ground two, the petitioner asserted that she was deprived of the effective assistance of counsel because her lawyer did not fully defend her or file any motions or objections on her behalf at sentencing. However, the petitioner did not specify in what way counsel was ineffective, nor did she offer any factual support for this claim.

In ground three, the petitioner asserted that her conviction was obtained by use of an unlawful arrest. In support of this claim, the petitioner asserted that "[o]n 11/01/2005 the case as to Delphine Green was sealed, [t]han (sic) on 11/17/2005 the case was unsealed, but the courts says, this is an on going investigation for more than two years." Petition at 6. The petitioner offers no further explanation for this claim.

Upon a preliminary review of these claims, the undersigned determined that the content of ground one was clear and could be assessed from the record. However, the undersigned could not assess the merits of grounds two and three because the petitioner failed to provide enough factual support for the undersigned to determine the basis for the claims. Consequently, the petitioner was

directed to file an amended petition. Specifically, the petitioner was directed to clarify the basis under which she sought relief under grounds two and three and to provide a sufficient factual basis for each of those claims. The petitioner filed her amended petition on July 9, 2007. (Dckt. 103)

In the amended petition, the petitioner asserts that the same three grounds for relief. Ground one in the amended petition is substantially the same as ground one in the amended petition. Ground two of the amended petition now explains that the petitioner was denied the effective assistance of counsel because the government would not allow her husband, and co-defendant, to help her receive new assistance on her behalf. The petitioner asserts that her lawyer did not fully defend her and was not truthful in the case because he knew the petitioner could not read or write. Therefore, the petitioner argues that she did not fully understand the charges against her and could not properly defend herself. Ground three of the amended petition merely reiterates the same incoherent ground three stated in the original petition. Specifically, ground three of the amended petition states:

> On 11/1/2005[,] the case as to Delphine Green was sealed. Than (sic) on 11/17/2005 [,] the case was unsealed, but the courts say, this is an on going investigation for more than two years but husband Marcus Sanders was arrested in 2004 on same cases that courts said in 2004 was dismissed due to non-involvement.

## III. Analysis

### A. Validity of Plea Agreement

In this ground, the petitioner asserts that she was deprived of her constitutional right to due process of law, as well as a fair and equitable sentencing determination, because the United States willfully failed to honor all of the terms and conditions of the written plea agreement. Specifically, the petitioner asserts that in the plea agreement, the government agreed to a sentence of no more than one year. The petitioner was actually sentenced to 57 months imprisonment. Therefore, the petitioner argues that the government breached the plea agreement and that her plea is invalid.

5

When a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it could be said to be part of the inducement or consideration, such promise must be fulfilled.  United States v. Beltran-Ortiz, 91 F.3d 665, 668 (4th Cir. 1996).  The validity of the plea is called into question if the prosecutor's promises are not carried out, because the plea is involuntary.  Santobello v. New York, 404 U.S. 257 (1971).  A party alleging breach has the burden of proving the breach by a preponderance of the evidence.  United States v. Conner, 930 F. 2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958 (1991).

Upon a review of the file in this case, the undersigned finds that ground one is clearly refuted by the record and should be dismissed.  The plea agreement specifically states:

> The maximum penalty to which Ms. Green will be exposed by virtue of her plea of guilty, as stated in paragraph 1 above, is imprisonment for a term of *at least* one (1) year and *not more* than forty (40) years . . .

Dckt. 51 at ¶ 2 (emphasis added).  The plea agreement further states:

> There have been no representations whatsoever by any agent or employee of the United States or any other law enforcement agency, as to what the final disposition in this matter should and will be.  This agreement includes <u>nonbinding</u> recommendations by the United States, pursuant to Rule 11(c)(1)(B); however the defendant understands that the Court is <u>not</u> bound by these sentence recommendations, and that the defendants has <u>no</u> right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

Dckt. 51 at ¶ 6 (emphasis in original).

Finally, the plea agreement also states:

> The above fourteen (14) paragraphs constitute the entire agreement between Ms. Green and the United States of America in this matter.  There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Dckt. 51 at ¶ 15.

Moreover, at the change of plea hearing, the terms of the plea agreement were summarized verbally by AUSA Morgan. Transcripts (dckt. 90) at 5-14. In addition, the undersigned, recognizing the petitioner's lack of education and inability to read, specifically asked the petitioner if her counsel had read her everything involved in this case. Id. at 17. The petitioner responded affirmatively. Id. Additionally, the petitioner acknowledged that she understood the English language as spoken. Id. Thereafter, the undersigned thoroughly explained the terms of the petitioner's plea agreement, including the possible sentences. Id. at 40-50. During this explanation, the petitioner repeatedly stated that she understood the terms of her agreement and the possible consequences of entering a guilty plea. Id. At the close of the change of plea hearing, the petitioner stated that she wished to plead guilty and did so. Id. at 54.

Clearly, the petitioner was aware that she would receive a sentence of at least one year, up to 40 years. The petitioner affirmed, in both the plea agreement and at her change of plea hearing, that there were no representations made to her outside of the plea agreement which induced her decision to plead guilty. Moreover, the plea agreement does not contain any provision that the petitioner receive a sentence of only one year. Moreover, as explained to the petitioner in both the plea agreement and at the change of plea hearing, any sentencing recommendation by the United States Attorney would be non-binding on the Court. Thus, ground one is without merit and should be denied.

**B. <u>Ineffective Assistance of Counsel</u>**

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that

7

petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. Id. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in Strickland, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364 (1993).

In addition, "a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet." Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). In the case of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (footnote omitted); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland 466 U.S. at 694.

It is further noted that a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland 466 U.S. at 689-90. Moreover, there are no absolute rules in determining what is reasonable performance. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

Here, the petitioner argues that counsel was ineffective because he did not fully defend her and was not truthful in the case because he knew the petitioner could not read or write. Therefore, the petitioner argues that she did not fully understand the charges against her and could not properly defend herself. However, this claim is clearly refuted by the record for the same reasons noted in

8

ground one above.  The petitioner's representations at the Rule 11 plea hearing show that counsel was fully aware that she could not read or write, that counsel read and explained all documents relevant to the case to her, that she did fully understand the charges against her and that her plea was voluntarily and knowingly made.  Accordingly, ground two is without merit and should be denied. See United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (*en banc*), cert. denied, 513 U.S. 1060 (1994) (citing Blackledge v. Allison, 431 U.S. 63, 73-73 (1974) ("Statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea.").

**C.  Conviction Obtained by Use of Evidence by Unlawful Arrest**

In ground three, the petitioner asserts that her conviction was obtained by use of evidence of an unlawful arrest.  In support of this claim, the petitioner asserts that her case was sealed on November 1, 2005, but then later unsealed on November 17, 2005.  The petitioner further states that the "courts say" this was an on going investigation for more than two years, but that her co-defendant was arrested in 2004 on the same case.  Additionally, the petitioner argues that the case was dismissed in 2004 for non-involvement.

It appears that the petitioner is arguing that because her arrest was unlawful, her conviction was illegally obtained.  In support of her claim, the petitioner makes a nonsensical argument about the case being sealed and then unsealed, her co-defendant being arrested before she was, and the fact that the investigation was on going for a period of two years.  However, the petitioner fails to state how the sealing and unsealing of her indictment, or the fact that her co-defendant was arrested in 2004, had any effect on the legality of her arrest.  Moreover, the petitioner fails to explain how her arrest was made illegal by the fact that the investigation into the charges took two years to complete.

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

Here, despite the Court's prior direction to clarify this ground in an amended petition, the petitioner has failed to establish by a preponderance of the evidence that her conviction was imposed in violation of the Constitution or laws of the United States. The petitioner has provided no evidence that her arrest was unlawful or that she was convicted based on evidence obtained during an unlawful arrest. Accordingly, ground three is due to be denied.

## IV. Recommendation

For the reasons set forth in this opinion, the undersigned recommends that the Court enter an Order **DENYING** Petitioner's § 2255 motion and **DISMISSING** this case with prejudice.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

    IT IS SO ORDERED.

    The Clerk is directed to mail a copy of this Order to the *pro se* petitioner.

    DATED: July 12, 2007.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE